MR. JOSE GONZALES III
#1832029
JAMES V. ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TEXAS 76367
10/27/15

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 02 2015

Abel Acosta, Clerk

TO: Abel Acosta Clerk,

RE: Motion For Rehearing

CA: PD-0179-15

Dear sir, enclosed is my motion for rehearing in the above-mentioned cause. Please file with the Court. Thank you.

Sincerly,

Mr. Jose Gonzales III

1.

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

JOSE GONZALES III,
     Petitioner,

V.

THE STATE OF TEXAS,
     Appellee.

PETITIONER'S MOTION FOR REHEARING

IN ACCORDANCE WITH T.R.A.P. RULE 64.

TO WIT:

Comes Now Jose Gonzales III, Hereinstyled Petitoner, files this motion for rehearing in the above-mentioned and entitiled cause.

ART. I.,

Petitioner urges the Court that: Trial court erred in allowing Petitioner to shackled in violation of U.S. Const. Amends 6th and 14th. Trial court infringed upon Petitioner's persumption of innocence, and counsel was ineffective for not objecting to Petitioner being shackled thereby procedurally defaulting Petitioner's claim.

ART. II.,

The State committed double jeopardy when it prosecuted Petitioner for multiple burglarious entries where there was only one unlawful entry and the the gravamen for burglary is the unlawful entry not the complainant. Where for Petitioner was sentenced twice for one unlawful entry.

ART. III.,

Ineffective assisitance of counsel: The court of appeals erred in not adjudicating the ineffective assistance of counsel on direct appeal in opposition of **Trevino v. Thaler,** 569 U.S.___(2013). Because of the deep entrenched culture of not entertaining ineffective assistance of counsel

1.

Motion Cont:

on direct appeal by the Texas Appellate Courts, said opinion by the Supreme Court is still alien to the mindset of justices, and Court of Criminal Appeals should mandate such claims be given the full penolopy of ineffective assistance claims as required by trial courts on collateral review i.e, 11.07. Furthermore, since the record was fully developed said counsels on direct appeal were ineffective for filing Anders Brief in contradiction of the plain errors of trial counsels.

Ineffective assistance of counsel: Counsel's failure to object to misjionder of two distinct offenses in the same indictment. Counsel did not file pretrial motion, nor object during trial when misjionder became apperrant.

## ART. IV.,

Ineffective assistance of counsel: Counsel's failure to file motion to quash affidavit and information that was unsigned, hence prosecution commenced upon the strength of unsigned information, that did not confer jurisdiction upon the trial court.

## ART.V.,

Ineffective assistance of counsel for not filing motion for change of venue in high profile prosecution after it became apperrant that Petitioner could not recieve a fair trial in said County.

## ART. VI.,

Trial judge abused her discretion by not ordering a change of venue after it became impossible to seat an unbiased jury in high profile case.

## ART. VII.,

Counsel abandoned Petitioner, acting as no counsel at all, merely friend of court, giving testimony that his client was guilty and that afixed in the jury minds that Petitioner was guilty of Count I and Count II, thereby infringed upon Petitoner's persumption of Innocence, and his right to counsel.

## ART. VIII.,

Petitioner's counsel on appeal Fred Jiminez committed fraud by filing Anders brief when such errors were plain and apperrant. such reasons that Fred Jiminez's wife was District Attorney and because of the nepotism and political aspirations were the motivating reasons for such fraud. The court appointed Stephen W. Byrne as Appeal Attorney rendering Fred Jiminez's Ander's brief Moot by opertion of law, and court was in error for not ruling on this point of law.

2.

Motion Cont:

## ART. IX.,

Petitioner's counsel of record rendered ineffective assistance of counsel for not raising the defense of temporary insanity after defense counsel made Petitioner's mental state at the time of offense an issue during trial.

## CONCLUSION

Petitioner urges the Court sue sponte to grant motion for rehearing and order Petition for Discretionary Review, for the State in their 11th hour brief conceded the fact that the Petitioner was correct in error of double jeopardy and that alone should give the Court reason to grant review. The 13th court of appeals refusing oral argument, as well as this Court after such issues that amount to a fundamental miscarriage of justice and built on the foundations of the American Judicial system, have become plain and apperrant, and such issues require further inquiry from the Court. It is cases like this that the Court should scrutinize for effectiveness of competent counsel and that Petitioner has recieved his fair day in court. Because Petitioner has not recieved his fundamental fairness as embodied by the Texas Const. and the U.S. Const. Such review by this Court is mandatory and fundamental. For the Court allow such miscarriage of justice is to co-sign tyranny and insurrection against the U.S. Constitution.

## PRAYER

Petitoner prays that the Court grant sue sponte this Motion and all requested therein and any and all relief that the Court deems just and necessary.

() Granted  () Denied

Signed this 27 Day of October, 2015

_____

Presiding Judge

Respectfully submitted
BY: _____
Pro/se
Jose Gonzales#1832029
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

3.

MR. JOSE GONZALES III
#1832029
JAMES V. ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TEXAS 76367.

Legal Mail

NORTH TEXAS TX P&DC
DALLAS TX 750
29 OCT 2015 PM 10 L

FOREVER
USA

COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

78711-230808